IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

RICK ALAN HAUNSCHILD,          )
                               )
              Petitioner,      )
                               )
                               )          CIV-11-582-F
v.                             )
                               )
RANDALL G. WORKMAN, Warden,    )
                               )
              Respondent.      )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging the convictions for

Murder in the First Degree, Burglary in the Second Degree, and Larceny of an Automobile

entered in the District Court of Pottawatomie County, Case No. CF-91-9, following a guilty

plea. In lieu of a response, Respondent has moved to dismiss the action as time-barred by

operation of 28 U.S.C. § 2244(d)(1), and Petitioner has responded to the Motion to Dismiss.

The matter has been referred to the undersigned Magistrate Judge for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that

---

[1]The case was transferred to this Court from the United States District Court for the Northern
District of Oklahoma pursuant to 28 U.S.C. § 2241(d).

1

Respondent's Motion to Dismiss be granted and Petitioner's habeas action be dismissed as time-barred.

I. Background

According to Petitioner, he entered a plea of guilty to the charges of Murder in the First Degree, Burglary in the Second Degree, and Larceny of an Automobile on March 19, 1991. Petitioner has attached to the Petition a copy of a "Bill of Particulars Request for Imposition of the Death Penalty" filed on February 20, 1991, in the District Court of Pottawatomie County in State of Oklahoma v. Rick Alan Hanschild aka Haundschild, Case No. CRF-91-9. Thus, it appears Petitioner's guilty plea avoided the possibility of a capital sentence for the murder conviction. Petitioner states that he was sentenced on April 8, 1991, to terms of imprisonment of life with the possibility of parole, fifteen years, and five years, respectively, for these convictions. Petitioner did not appeal the convictions, although he alleges he "timely" moved to withdraw his pleas in the district court in 1991. Petition, Doc. # 1, at 2. Petitioner alleges that he was "not given appellate counsel and denied [copies of his] transcripts or any court record," thereby denying him "every tool to the filing of an appeal." Id. at 11.

Petitioner applied for post-conviction relief in the district court on March 1, 2010. Petition, Doc. # 1, att. 1, at 13. In his application, Petitioner alleged that his guilty plea was not voluntarily or knowingly entered, that he was denied effective assistance of counsel in connection with the plea, that he was denied his right to an appeal, that he was not given Miranda rights and was denied counsel after requesting an attorney during a custodial

interrogation, and that he was denied a competency hearing.

In an order filed June 1, 2010, the district court denied Petitioner's application for post-conviction relief. The following factual findings, which are presumed correct, appear in the district court's order:

> Defendant was charged with a co-defendant on January 29, 1991 initially with the crimes of Count One, Murder in the First Degree 21 O.S. § 701.7 or in the alternative Murder in the First Degree, 21 O.S. § 701.7, felony murder, Count Two, Burglary in the First Degree 21 O.S. [§] 1431, and Count Three, Larceny of Automobile 21 O.S. § 1720.
>
> Defendant subsequently thereafter was bound over at preliminary hearing on February 5, 1991.
>
> On February 13, 1991, the Defendant appeared with counsel and entered a plea of Not Guilty and the matter was set on Jury Trial [docket] on April 2, 1991.
>
> On March 19, 1991, The Defendant with the advise [sic] of counsel withdrew his plea of not guilty and entered a plea of guilty. A copy of the Petition to enter a plea of guilty is attached as Exhibit 1.
>
> The Defendant admitted in his own hand writing, his right to a public trial by jury, accepted the recommendation of the District Attorney for [sentences of] Life with parole, plus 15 years for Count 2 and 5 years for Count 3 all to run consecutive. . . .
>
> The Defendant admitted in his own hand writing, . . . "I went out to Mr. Cridermann's house and he was there. In the process of the burlary [sp] he was killed. I later removed the [television] and later took the car."
>
> The sentencing court found the Defendant to have acknowledged understanding of all of his statutory and Constitutional rights and that the Defendant freely, voluntarily, and knowingly waived them, full[y] realizing the consequences of what he had done. . . .
>
> The trial counsel also executed a Certificate of Counsel which acknowledged the Defendants [sic] free and voluntary plea and that the defendant was mentally competent to appreciate the mature [sic], purpose, and consequences of the proceeding. . . .
>
> The Judgment and Sentence on Plea of Guilty was officially

> entered on April 8, 1991. . . .
>
> Defendant filed a Notice of Intent to Appeal and or Motion to withdraw Guilty Plea on April 22, 1991, pro se. . . .
>
> Defendant raise[d] within 2 weeks of his sentence a claim [sic] that his terms were to run concurrently, not consecutive[ly,] His plea was not voluntary nor was his confession; [and] that he was not competent to enter his plea due to mental illness in the past. Defendant was subsequently sentence[d] on Count 2 and Count 3 on the 24th day of July 1991. . . .
>
> Defendant's Motion for Transcripts at State expense, filed September 28, 1995, in anticipation of the filing of an Application for Post Conviction relief was denied by the Court on October 26, 1995. The transcript of the preliminary hearing was provided to the Attorney for the Defendant.
>
> Defendant filed a Notice of Intent to Appeal on November 7, 1995.
>
> Defendant filed a letter with the Court on May 12, 1997 which the Court treated as an Application for Competency hearing and denied the same on May 14, 1997. . . .

Petition, Doc. # 1, att. 1, at 24-26. Reviewing the merits of Petitioner's claims of an involuntary plea and ineffective assistance of counsel, the district court found these claims were without merit and denied post-conviction relief. Id. at 26.

On July 23, 2010, the Oklahoma Court of Criminal Appeals ("OCCA") entered an order dismissing Petitioner's attempted appeal of the district court's decision. In the order entered in Rick A. Haunschild v. State of Oklahoma, Case No. PC-2010-0654, the appellate court found that Petitioner had not timely filed his post-conviction appeal within 30 days of the date the final order was filed with the clerk of the district court, as required by Rule 5.2(C) of the appellate court's procedural rules. Id. at 28.

## II. Petitioner's Claims

Petitioner raises fourteen separate grounds for habeas relief in his Petition. In these

grounds, Petitioner has raised the following issues: (1) denial of effective assistance of defense counsel in connection with his guilty plea; (2) denial of right to appeal; (3) plea was involuntarily and unknowingly entered; (4) "Conviction obtained by use of coerced confession;" (5) "Conviction obtained by use of an illegal search and seizure;" (6) "Conviction obtained by a violation of the priviledge [sic] against self-incrimination;" (7) "Conviction was obtained by the knowing use of purjured [sic] testimony;" (8) "This presentencing form was the only thing approaching a competency hearing;" (9) "Sentence imposed is cruel and unusual punishment;" (10) "Conviction was obtained as a result of a plea of guilty while the defendant was mentally incompetent;" (11) denial of "Right to petition the Government to correct Injustices;" (12) denial of "4th Ammendment [sic] Freedom from Illegal Searches and Seizures;" (13) denial of "Right not to be witness against self [and] Right not to be deprived of Liberty without Due Process;" and (14) denial of "My 6th Ammendment [sic] rights."

III. <u>Statute of Limitation Governing Habeas Actions Filed by State Prisoners</u>

Respondent contends that judicial review of the merits of Petitioner's habeas claims is barred by operation of 28 U.S.C. § 2244(d)(1). Among other provisions, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposed a one-year limitation period on the filing of a habeas petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective

date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." AEDPA's statutory limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2).

Petitioner was sentenced for the murder conviction on April 8, 1991, Petition, Doc. # 1, att. 1, at 44-45 (Judgment and Sentence on Plea of Guilty), and he had ten days from that date to move to withdraw the plea in order to initiate an appeal of the conviction. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. Petitioner was sentenced for the burglary and larceny convictions on July 24, 1991, Petition, Doc. # 1, att. 1, at 47-48, and he had ten days from that date to move to withdraw the plea in order to initiate an appeal of these convictions. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.

Because Petitioner did not timely move to withdraw his plea or timely seek to appeal the plea-based convictions, the murder conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on April 18, 1991, or ten days after the pronouncement of the judgment and sentence, and the burglary and larceny convictions became final on August 3, 1991. Because Petitioner's convictions entered in Case No. CRF-91-9 became final prior to the effective

6

date of the AEDPA, Petitioner was entitled to a "grace period" of one year from April 24, 1996, the effective date of the AEDPA, or until April 23, 1997, to file his federal habeas petition seeking relief from these convictions. See Hoggro v. Boone, 150 F.3d 1223, 1225-1226 (10th Cir. 1998)(establishing one-year "grace period").

Petitioner filed an application for post-conviction relief in the district court on March 1, 2010, some nineteen years after his convictions were entered and almost thirteen years after the "grace" limitation period expired. Because this post-conviction proceeding was not filed within the limitation period established in Hoggro, id., the post-conviction application does not toll the running of the limitation period. 28 U.S.C. § 2244(d)(2); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Consequently, applying 28 U.S.C. § 2244(d)(1)(A), Petitioner's habeas Petition filed May 18, 2011, is time-barred unless equitable tolling applies to extend the limitation period.

In his Petition, Petitioner asserts that he was "impeded from filing an application by state action." Petition, Doc. # 1, at 26. Petitioner contends that he was not appointed counsel for pursuing an appeal. Petitioner also contends that he was unable to obtain "transcripts" he needed to pursue an appeal. Id. at 28. In response to Respondent's Motion to Dismiss, Petitioner again alleges that numerous impediments, including the State's failure to provide him with "effective assistance of counsel, at both the trial and appeal level" and his inability to obtain "records and transcripts," prevented him from pursuing his federal claims.

It is unclear whether Petitioner is asserting that a later starting date for the one-year limitation period should apply under 28 U.S.C. § 2244(d)(1)(B) or that he is entitled to

equitable tolling of the limitation period.  Pursuant to 28 U.S.C. § 2244(d)(1)(B), the one-year limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Concerning the issue of equitable tolling, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling is appropriate only in "rare and exceptional circumstances").

Petitioner asserts that the trial court's failure to appoint him counsel for the purpose of pursuing a direct appeal and failure to provide him with "transcripts" from his criminal case in which he entered a guilty plea, as well as other actions by correctional staff, e.g., "DOC staff lose or destroy part of my personal paperwork every time I'm moved . . .," Petition, Doc. # 1, at 13,  prevented him from timely filing his federal habeas petition.  These vague allegations do not provide specific facts demonstrating that state-created impediments prevented Petitioner from timely filing his federal habeas petition. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(holding petitioner had burden to "provide[ ] specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims"), cert. denied, 525 U.S. 891 (1998).   Petitioner does not allege how the State's failure to appoint him counsel for an appeal or the State's denial of his request for "transcripts" at state expense prevented him from timely filing his federal habeas petition,

given the fact that he had approximately six years after his 1991 convictions became final (until April 23, 1997) to file a timely federal habeas petition. Nor has Petitioner provided sufficient facts to demonstrate that correctional officials created any impediment "in violation of the Constitution or laws of the United States." Therefore, 28 U.S.C. § 2244(d)(1)(B) does not provide the starting date for the running of the one-year limitation period prescribed by § 2244(d)(1).

Petitioner has not demonstrated "extraordinary circumstances beyond his control" that would justify equitable tolling of the limitation period. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978. Petitioner alleges that he was mentally incapacitated due to attention deficit disorder and manic depression and that as a result of these mental impairments he had "a difficult time learning difficult subjects." Petition, Doc. # 1, at 27. His vague assertions do not account for the inordinate amount of time that has passed since his convictions were entered in 1991 or for the long periods of time during which Petitioner made no effort at all to pursue his federal claims. Moreover, Petitioner admits that he shot the victim and that he entered a guilty plea to the charges in a negotiated plea agreement with the prosecution. Accordingly, Petitioner has not shown that he diligently pursued his federal claims or that extraordinary circumstances warrant equitable tolling of the limitation period. Thus, federal review of the merits of his claims is barred.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 21) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as it is time-barred. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___October 17th___ , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___26th___ day of ___September___, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE